UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CANDIDO NUNEZ-MACIAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1808 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Candido Nunez-Macias's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 24, 2010.  (ECF No. 1).

**BACKGROUND**

By way of background, on February 7, 2008, a federal grand jury returned a single-count indictment against Movant and thirteen others, charging them with conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).  Movant initially retained attorney Douglas Forsyth, Sr., to represent him, and Mr. Forsyth was present for Movant's arraignment on February 28, 2008.  Movant waived his right to file pre-trial motions, and the case was set for a change of plea hearing on October 9, 2008.  Movant declined to enter a plea of guilty on that date, however, and his case was set for trial on December 1, 2008. Movant again appeared for a change of plea hearing on November 19, 2008, but at that time he declined to plead guilty, instead requesting new counsel.  The Court granted Movant's request, and appointed attorney John M. Lynch to represent Movant.

Movant eventually pled guilty to Count I of the indictment on February 27, 2009. On May 14, 2009, Movant was sentenced to 151 months imprisonment, followed by a five year term of supervised release. Movant appealed his sentence, but the Government's motion to dismiss the appeal was granted on June 19, 2009.

As stated above, Movant filed the instant § 2255 Motion on September 24, 2010, alleging the following six grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that trial counsel failed to request that a certified court interpreter be present during all court proceedings;

(2) That Movant received ineffective assistance of counsel, in that appellate counsel failed to file a brief on appeal;

(3) That Movant received ineffective assistance of counsel, in that trial counsel induced him to sign a plea agreement he could neither read nor understand;

(4) That Movant received ineffective assistance of counsel, in that trial counsel failed to challenge the Government's claim he was involved in a managerial role;

(5) That Movant received ineffective assistance of counsel, in that trial counsel failed to investigate the merits of the charges; and

(6) That Movant received ineffective assistance of counsel, in that trial counsel failed to assert a claim of actual and factual innocence.

(§ 2255 Motion, PP. 4-9; Movant's Memo in Support, PP. 21-54).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on

collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. Movant must prove that "there is a

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344 (1974)).

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

## I. Ground 1

As stated above, in Ground 1 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to request that a certified court interpreter be present during all court proceedings. (§ 2255 Motion, PP. 4-5; Movant's Memo in Support, PP. 21-31). Upon consideration the Court finds that with this claim, Movant fails to establish either prong of the *Strickland* test. With respect to deficient performance, the Court notes that Movant appeared before United States Magistrate Judge Terry I. Adelman without counsel on February 26, 2008, and coherently answered an extensive series of questions without requesting the aid of an interpreter. He then was arraigned before United States Magistrate Judge Frederick R. Buckles on February 28, 2008, and the following colloquy took place with Movant under oath:

| | |
|---|---|
| THE COURT: | Now, sir, are you of Hispanic origin? |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. I've been informed that you do understand and speak the English language. Is that correct? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | If there is anything that I say to you that you don't understand, you tell me and I'll try to rephrase it or say it in some other way so that you do understand. Okay? |
| DEFENDANT: | Okay. |

(Arraignment Proceeding Transcript, PP. 2-3). Movant appeared before Magistrate Judge Buckles on May 13, 2008, for a hearing on his waiver of pretrial motions, and again failed to request the assistance of an interpreter.

On October 2, and October 3, 2008, Movant sent letters to his attorney, in which he asked Mr. Forsyth to have an interpreter present at the scheduled change of plea proceeding. (Movant's Exhs. C, D). He further sent a letter to the Court on October 6, 2008, with the same request. (Movant's Exh. E). During the aborted proceeding on October 9, 2008, however, Movant never verbally requested an interpreter, despite the fact that he felt confident enough to interrupt the proceedings to explain his position on proceeding to trial. (October 9, 2008, Plea Proceeding Transcript, PP. 5-6). Furthermore, Movant failed to request an interpreter during the November 19, 2008, hearing on his request for a new attorney. During the February 27, 2009, change of plea proceeding, this Court questioned Movant extensively with respect to his background, his decision to plead guilty, and his satisfaction with Mr. Lynch, and at no time did Movant express an inability to understand or a desire for an interpreter. Finally, Movant once again failed to request an interpreter during his sentencing proceeding, despite the fact that his attorney drew attention to the language barrier by noting on the record Movant's inability to read English fluently. (Sentencing Proceeding Transcript, P. 2).

As described in detail above, Movant's proficiency with the English language was clear throughout his court appearances. Attorney John Lynch confirmed his familiarity with Movant's ability in a declaration submitted with Respondent's response, as follows:

> 2.    In the course of my representation of Nunez-Macias in the above criminal matter, I communicated with him on numerous occasions....
>
> [5].   Nunez-Macias cites as one of multiple bases for his 2255 petition for relief that he was not afforded a certified translator/interpreter for certain in-court proceedings, including a change of plea hearing and sentencing. Nunez-Macias further suggests that an interpreter was necessary at the aforementioned hearings as he could not read or understand the nature of

- 5 -

> such proceedings and/or the plea agreement executed and adopted by this Court. Of course, this contention is absurd.
>
> At the time of his plea, Nunez-Macias had been in the United States for at least two decades as he repeatedly reported....At no time did Nunez-Macias report any difficulty in understanding the English language when living in this country.
>
> By the time I was appointed to represent Nunez-Macias in this particular matter, he had already been represented by other attorney(s). I was not informed of any language issues and was not aware of an interpreter being assigned for his initial appearance, arraignment or any of the pretrial proceedings; a matter of course for non-English speaking defendant(s). More importantly, I found Nunez-Macias to be perfectly capable of communicating an understanding of his legal predicament during many conversations; especially since he required at least seven amendments to his plea agreement based, in part, on his own concerns regarding the content of the plea agreement drafts.

(Declaration of John Lynch, attached to Respondent's response as Exh. 1). Upon consideration of the foregoing, the Court does not find that Movant's attorneys' failure to request an interpreter fell outside the wide range of professionally competent assistance sanctioned by *Strickland*.

Furthermore, under this same reasoning, the Court finds Movant fails to demonstrate prejudice. The Court Interpreters Act provides in relevant part as follows:

> The presiding judicial officer....shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter, in judicial proceedings instituted by the United States, *if* the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case)....
>
> > (a)   speaks only or primarily a language other than the English language;....
>
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer....

28 U.S.C. § 1827(d)(1) (emphasis added). It is well settled that the district court has wide discretion in deciding whether to provide an interpreter. *See United States v. Khehra*, 396 F.3d 1027, 1030 (8th Cir. 2005) ("The appointment of an interpreter is placed squarely within the district court's

- 6 -

discretion"); *United States v. Nguyen*, 526 F.2d 1129, 1134 (8th Cir. 2008) (same). Movant offers absolutely no evidence that, in light of his demonstrated command of English, the Court would have afforded him an interpreter had his attorney requested one. Under these circumstances, there is no reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Ground 1 must therefore be denied.

**II.    Ground 2**

As stated above, in Ground 2 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that appellate counsel failed to file a brief on appeal . (§ 2255 Motion, PP. 5-7; Movant's Memo in Support, PP. 31-39). A review of the record, however, reveals that Movant's attorney was not deficient in this regard. Specifically, the Court notes that Movant himself timely filed a Notice of Appeal on May 28, 2009. On June 1, 2009, the Eighth Circuit assigned cause number 09-2251, and appointed Mr. Lynch to represent Movant during his appeal. That same day, the Eighth Circuit issued a criminal appeal briefing schedule, pursuant to which Mr. Lynch's appellate brief was due to be filed on July 1, 2009. On June 3, 2009, however, the Government filed a motion to dismiss Movant's appeal, on the ground that he affirmatively and unequivocally waived his right to appeal his sentence in connection with his plea agreement. The Eighth Circuit suspended the briefing schedule on June 4, 2009, pending a ruling on the motion to dismiss. The Eighth Circuit then granted the Government's motion to dismiss on June 19, 2009, and issued its mandate on July 10, 2009. In light of these circumstances, Movant's attorney never had an opportunity to file a brief on appeal, and so he cannot be found constitutionally deficient for failing to do so. Ground 2 is denied.

**III.    Ground 3**

As stated above, in Ground 3 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel induced him to sign a plea agreement he could neither read

nor understand. (§ 2255 Motion, PP. 7-8; Movant's Memo in Support, PP. 39-42).[2] During Movant's plea proceeding, however, the following colloquy took place:

> THE COURT: Sir, I'm going to ask you a series of questions this morning. If at any time you don't understand any of my questions--well, one of my questions, would you stop me so I can explain it to you?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: Now, do you understand you are under oath, and if you would answer any of my questions falsely you might later be prosecuted for making a false statement or for perjury?
>
> DEFENDANT: Yes, Your Honor....
>
> THE COURT: Now, I have received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations.  This is a 15-page document....Now, sir, have you had an opportunity to review and discuss the provisions of this document with Mr. Lynch?
>
> DEFENDANT: Yes.[3]
>
> THE COURT: And are you in agreement with everything contained in this document?

---

[2] To the extent Ground 3 relies on Movant's assertion he should have been afforded an interpreter, such claim was denied, supra.

[3] Mr. Lynch corroborated this assertion in his declaration, as follows:
> Nunez-Macias' assertions regarding a failure to understand English and hence his plea agreement also falls on its face due to my own routine in any criminal case regardless of whether the defendant speaks English. Of special import here is my own style of representation. I have made it a habit to review verbatim each and every line of each and every page of a plea agreement with all defendants so that he/she fully understands what it contains. This personal protocol is designed to minimize misunderstandings at plea hearings and sentencings. In this instance, Nunez-Macias was afforded the same level of professionalism and courtesy. In fact, I did so more than once as his plea agreement changed over the course of several weeks of negotiation with the Government. It is therefore a misrepresentation to suggest that Nunez-Macias did not understand his plea agreement as it was read and discussed with him in detail during more than one attorney-client session.

| | |
|---|---|
| DEFENDANT: | Yes. |
| THE COURT: | Is there anything in this document with which you disagree? |
| DEFENDANT: | No. |
| THE COURT: | Do you have any questions about any provision of this document? |
| DEFENDANT: | I just hope you guys can work a little bit better for this, that's all. |
| THE COURT: | I'm sorry? |
| DEFENDANT: | I just--I just wait until I get sentenced to see if there's any better results, that's all. |
| THE COURT: | Okay.  Well, at this point I'm just asking you about what's in this document, and I want to be sure that you understand everything in this document. |
| DEFENDANT: | Yes. |
| THE COURT: | I don't want you to plead guilty unless I am convinced that you know what you are pleading to. |
| DEFENDANT: | Yes, I am. |
| THE COURT: | Okay.  So, do you have any questions about any of the provisions in this document? |
| DEFENDANT: | No. |
| THE COURT: | Okay.  Has anyone made any promises or assurances to you other than what's in this document in order to cause you to plead guilty today? |
| DEFENDANT: | No. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| DEFENDANT: | No. |
| THE COURT: | Are you doing this of your own free will? |
| DEFENDANT: | Yes.... |

- 9 -

| | |
|---|---|
| THE COURT: | Now, sir, do you understand that the maximum possible penalty for the offense in count one to which you are pleading guilty is imprisonment of not less than ten years nor more than life, a fine of not more than $4 million, or both imprisonment and a fine, that is the maximum sentence? |
| DEFENDANT: | That's what I read here.... |
| THE COURT: | Now, do you understand that this offense carries with it a mandatory minimum term of imprisonment of at least ten years? |
| DEFENDANT: | Unfortunately, yes.... |
| THE COURT: | How do you plead to count one, guilty or not guilty? |
| DEFENDANT: | Guilty. |

(Change of Plea Hearing Transcript, PP. 2, 6-8, 9, 16).  Based on Movant's representations during his Change of Plea proceeding, the District Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States versus Nunez-Macias that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in count one.  The plea to count one is therefore accepted, and the defendant is now adjudged guilty of that offense.... |

(Id., P. 16).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'"  *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)).  This Court thus finds that Movant entered his plea of guilty in a knowing and voluntary manner, and so Ground 3 of his § 2255 Motion must be denied.

**IV.   Ground 4**

As stated above, in Ground 4 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to challenge the Government's claim he was involved in a managerial role. (§ 2255 Motion, P. 8; Movant's Memo in Support, PP. 42-46). The Court's review of the record, however, reveals that Movant admitted to this role on several occasions. First, the Court notes that Movant signed the plea agreement, which stated in relevant part as follows: "The parties recommend that the following adjustments, other than acceptance of responsibility, apply: Three levels should be added pursuant to Section 3B1.1(b) because the defendant was a manager or supervisor of a criminal activity that involved five or more participants." (Plea Agreement, PP. 6-7). Furthermore, during the change of plea proceeding the prosecutor described the facts underlying Movant's conviction as follows:

> In early 2007, defendant Nunez-Macias agreed to provide 10 to 15 kilograms of cocaine to co-defendant James Harris. Harris enlisted co-Defendant Rodney Scott to drive to California to meet with defendant Nunez-Macias.
>
> Scott drove a silver Ford Explorer Sport Trac truck, bearing Illinois license plate 8866894 that had been purchased by defendant Nunez-Macias on April 4, 2006. While in California, co-defendant Scott met with defendant Nunez-Macias. Nunez-Macias took possession of the Ford truck and later returned it to Scott on the same day. Scott left California the next day.
>
> He drove the vehicle to Harris's residence in University City, Missouri, where Harris retrieved 10 to 15 kilograms of cocaine from a hidden compartment in the truck. The cocaine had not been in the truck before defendant Macias took possession of the truck. Harris and others then distributed the cocaine to other people.
>
> In January of 2007, defendant Nunez-Macias agreed to provide 15 kilograms of cocaine to co-defendant Larry Bennett. Bennett enlisted co-defendant Terry Campbell to drive the same Sport Trac truck used by co-defendant Scott to California where he turned it over to defendant Nunez-Macias. Nunez-Macias loaded cocaine into the hidden compartment in the vehicle. He then returned the vehicle to Campbell.
>
> On February 10th, 2007, Campbell arrived at No. 6 Hillwood Drive, Belleville, Illinois, in the truck and delivered the cocaine to co-defendant Bennett.

> A federal search warrant for the residence was served on that same day. The following was seized: 14 kilogram packages containing cocaine; 12 clear plastic bags containing cocaine; 2 empty kilogram wrappers containing cocaine residue; and two digital scales. Another empty kilogram wrapper containing cocaine residue was seized from an outside trash can.
>
> A trained forensic chemist employed by DEA tested the substances ceased [sic]. He found that the substances contained in the 14 kilogram packages and the 12 plastic bags were cocaine hydrochloride weighing a total of 15.09 kilograms.
>
> On July 19th, 2007, an unidentified man who was working for defendant Nunez-Macias, driving a Windstar minivan, arrived at the residence of co-defendant Paul Johnson and delivered 2 kilograms of cocaine at the direction of defendant Nunez-Macias. Agents seized this cocaine as co-defendant Johnson delivered it to co-defendants Lester Martin and Mark Cooley.
>
> A trained forensic chemist employed by DEA found the Martin package to contain 1,161.38 grams of cocaine, and the Cooley package to contain 995.88 grams of cocaine.
>
> An experienced DEA agent who would qualify as an expert in narcotics trafficking would testify at trial that, in his or her opinion, the amounts of cocaine possessed by the defendant and co-defendants was consistent with the intent to distribute it.

(Change of Plea Hearing Transcript, PP. 13-15). The Court then questioned Movant as follows:

> THE COURT:     Mr. Nunez-Macias, have you heard what [the prosecutor] has told the Court?
>
> DEFENDANT:     Yes.
>
> THE COURT:     Do you agree with what she has stated to the Court?
>
> DEFENDANT:     Yes.
>
> THE COURT:     Do you disagree with anything that she has stated to the Court?
>
> DEFENDANT:     No.
>
> THE COURT:     Did you in fact commit these acts as she has described them and as they are also described in paragraph four of the stipulation?
>
> DEFENDANT:     (Pause.) Yes.

(Id., PP. 15-16).

Upon consideration of the foregoing, the Court cannot find trial counsel's failure to challenge the Government's claim that Movant was involved in a managerial role fell outside the wide range of professionally competent assistance sanctioned by *Strickland*. In other words, in light of Movant's repeated concessions to the position, any attempt to object to the enhancement would have been futile, and "[c]ounsel is not ineffective for failing to make a meritless argument." *Sutton v. United States*, 2012 WL 592335, at *3 (E.D. Mo. Feb. 23, 2012) (citing *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994)). Ground 4 is denied.

## V.     Ground 5

As stated above, in Ground 5 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to investigate the merits of the charges. (§ 2255 Motion, P. 9; Movant's Memo in Support, PP. 46-51). Upon consideration, the Court finds that with this claim, Movant fails to establish either prong of the *Strickland* test. With respect to deficient performance, the Court notes that when Movant appeared before this Court for his change of plea, the following conversation transpired:

> THE COURT: Are you satisfied with the representation that you have received from Mr. Lynch in this case?
>
> DEFENDANT: Yes.
>
> THE COURT: Do you have any complaints whatsoever about his representation of you?
>
> DEFENDANT: Not yet.
>
> THE COURT: Okay. So far it's okay?
>
> DEFENDANT: Yeah.
>
> THE COURT: Okay.
>
> DEFENDANT: Well, that's the truth.

- 13 -

(Change of Plea Proceeding Transcript, P. 6). As indicated above, the Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith*, 921 F.2d at 157 (citation omitted). Movant testified under oath as to his satisfaction with counsel's performance, and so his claim of deficient performance fails under *Strickland*.

Furthermore, with respect to prejudice, the Court agrees with Respondent that (a) Movant offers absolutely no indication as to what his attorneys would have discovered had they investigated the case more thoroughly that would have assisted in his defense, and (b) in light of that deficiency, Movant fails to establish that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. *Hill*, 474 U.S. at 59. Movant thus fails to establish the requisite prejudice, and so Ground 5 of Movant's § 2255 Motion must be denied.

## VI. Ground 6

As stated above, in Ground 6 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to assert a claim of actual and factual innocence. (§ 2255 Motion, P. 9; Movant's Memo in Support, PP. 51-54). As noted above, however, Movant's own testimony confirms he committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. *Smith*, 921 F.2d at 157. Ground 6 of Movant's § 2255 Motion will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).


Dated this 4th  day of April, 2013.


                /s/ Jean C. Hamilton
                UNITED STATES DISTRICT JUDGE